# Evans's Estate.

*Executors and administrators—Counsel fee—Ejectment.*

Where an executor defends an ejectment suit, and thereby saves property for the creditors and legatees of the estate, he will be entitled to counsel fees not only for services of counsel in settling the estate, but also for services in the ejectment suit.

Argued Nov. 11, 1903.   Appeal, No. 48 Oct. T., 1903, by Milton Eby, from decree of O. C. Lancaster Co., Feb. T., 1902, No. 82, dismissing exceptions to auditor's report in estate of Robert A. Evans, deceased.   Before RICE; P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Decree modified.

Exceptions to report of M. G. Schaeffer, Esq.

From the record it appeard that Milton Eby, executor of Robert A. Evans, was defendant in an action of ejectment which resulted in saving property to the estate of his testator.

He was represented in this litigation by E. M. Gilbert, Esq.
Before the auditor the accountant claimed credit for counsel
fees for $1,000, covering services rendered both in settling the
estate and in the ejectment suit. The auditor allowed the
claim. On exceptions, SMITH, P. J., referred the matter back
to the auditor with directions that he should allow the account-
ant only $250 as counsel fee for services rendered in settling
the estate. The auditor subsequently reported as directed.
Exceptions to his supplemental report were then dismissed.

*Errors assigned* were in dismissing exceptions to auditor's
supplemental report.

*Edwin M. Gilbert*, for appellant.—The executor was entitled
to counsel fees in the ejectment suit : Scott's Estate, 9 W. &
S. 98 ; Koppenhaffer v. Isaacs, 7 Watts, 170 ; Geddis's App., 9
Watts, 284 ; Royer's Appeal, 13 Pa. 569 ; Yerkes's Appeal,
99 Pa. 401 ; Sheetz's Appeal, 100 Pa. 197 ; Reimer's Estate,
159 Pa. 212.

*W. U. Hensel*, for appellee, cited : Yerkes's App., 99 Pa. 401 ;
Sheetz's App., 100 Pa. 197 ; Reimer's Est., 159 Pa. 212 ; Berg-
doll's Est., 11 Pa. Dist. Rep. 702 ; Rankin's App., 10 W. N.
C. 235 ; Mumper's App., 3 W. & S. 441.

OPINION BY MORRISON, J., January 21, 1904 :

In the settlement of his account Milton Eby, executor, took
credit for $1,000, being amount of fees which he claimed to
have paid to his counsel, Edwin M. Gilbert, Esq. To this ac-
count exceptions were filed and they were referred to an au-
ditor who reported in favor of the credit for $1,000 paid to
Mr. Gilbert. To this report exceptions were filed and the
orphans' court sustained the exceptions to the extent of sur-
charging the executor with $750 of said sum. It appears that
Mr. Gilbert was counsel for the executor in the settlement of
the estate, but the larger part of his charge was for defending
an ejectment suit brought to recover from the estate valuable
real estate claimed by it.

The learned court below found that $250 was sufficient com-
pensation for Mr. Gilbert's services as counsel for the executor

in the settlement of the estate, and that if he earned counsel fees in the ejectment suit he must look to the persons interested in the result of that suit for his fees, and that the executor had no right to employ him in that suit and appropriate funds of the estate to his payment.

We are not disposed to revise the judgment of the court below in allowing the executor $250 as full compensation for the services of his counsel in settling the estate outside of the ejectment suit. And in this decision we will consider that sum to be reasonable and just.

Whether or not an allowance should be made for the services of Mr. Gilbert in the ejectment suit depends upon the circumstances disclosed by the evidence. We have examined the evidence with some care and on consideration of the whole case reach the conclusion that the services rendered by the executor's counsel in the ejectment suit were beneficial to the estate, and in such case there is no hard rule of law preventing the allowance of just and equitable compensation for such services, out of the funds of the estate.

The learned counsel for the appellant who rendered the services contends that in the settlement of the estate and in the defense in the ejectment suit his services were worth $1,000, and having been allowed $250 the appellant is here urging that the court below erred in refusing to allow him $750 more for his counsel. The view we take of this matter is to consider the order of the court allowing the $250 to stand as a settlement of all claims for counsel fees except the services in the ejectment suit.

The evidence shows that Mr. Gilbert was associated with able counsel in that suit, and while the services rendered by him were undoubtedly beneficial to the estate, and those interested therein, yet we are not convinced that he should be paid $750 out of the estate for his services in the ejectment case.

But on due consideration we are all of the opinion that the executor, Milton Eby, should be allowed $200 more for his counsel. This will reduce the balance in the hands of the accountant to $470.23 as of November 29, 1902, and as so modified the decree of February 23, 1903, is affirmed.

And it is ordered and decreed that said Milton Eby forthwith

pay over the said sum of $470.23 to the person or persons legally entitled thereto. And it is further ordered that the costs of this appeal be equally divided between Milton Eby, appellant, and Daisy M. Evans, appellee.